BECO v. THE PEOPLES INDUSTRIAL LIFE INSURANCE CO. OF LA.

(December 10, 1928. Opinion and Decree.)

Norman, Breckwoldt & Schwartz, of

New Orleans, attorneys for plaintiff and appellee.

A. P. Tureaud, of New Orleans, attorney for defendant and appellant.

JANVIER, Judge Ad Hoc. Defendant company, on January 15, 1923, issued industrial policy No. 203558, on the life of Ranson Beco. On June 20, 1927, the policy herein sued on was issued. On this policy the company made the following notation:

"CHANGED FROM INDUSTRIAL POLICY NO. 203558, DATE OF ISSUANCE 1/15/23 TO LIFE."

The policy is in favor of Robert Beco, beneficiary, brother of Ranson Beco, the insured. It provides that in case of death the company will pay to the beneficiary the sum of $231.00. It contains the following stipulation:

"ACCIDENTAL DEATH. In the event of death of the insured from accident within six months from the date of this policy, the full amount of insurance named in the schedule below will be paid subject to the Policy Conditions."

This stipulation seems to have been inserted for the purpose of over-riding, in the case of accidental death, paragraph numbered 9, which reads as follows:

"Only one-half of the death benefit payable if death occurs within six calendar months from date hereof."

The defendant company contests its liability under the policy on several grounds, primarily on the theory that the deceased, at the time he met his death, was engaged in a violation of the law; and secondarily, on the theory that, as the death occurred within six months of the issuance of policy No. L-13602 (the one sued on), only one-half of the death benefit is payable, unless the beneficiary can prove that the death resulted from accident.

On the trial plaintiff introduced in evidence the policy sued on. There seems to have been an understanding between counsel that the defendant company would introduce the proof of death, so, after introducing the policy itself, plaintiff rested. The proof of death was later offered in evidence.

In offering the policy in evidence, counsel for plaintiff used the following words and figures:

"We offer, introduce and file in evidence policy L-13602, issued on the life of the decedent, in which the plaintiff is named the beneficiary and which policy is a renewal of policy No. 203558 issued January 15, 1923, on the decedent's life."

To this offer counsel for the defendant made the following objection:

"I object to the statement of counsel for plaintiff that policy No. 113602 is a renewal of Policy No. 203558. This policy is a new policy issued on the life of Ranson Beco."

This objection was made for the purpose of limiting the rights of the plaintiff to such as may have existed under the policy sued on, and in order to prevent the extension of his rights to such as may have been carried over from the original policy by reason of the notation referred to as having been made on the policy sued on. In other words, defendant contends that the policy sued on had not been in existence six months at the time of the death and that therefore plaintiff could recover only one-half of the death benefit in the absence of proof of accidental death.

It appears to us that the parties clearly intended that any rights which might have accrued under the original policy and by reason of its original date, should be carried over into the second policy. We cannot see that any other meaning can be

given to the typewritten note, except this one, and we therefore hold that it was the intention of the parties that the date of the original policy should be considered as the date from which the six months' period should start to run. As that original policy was issued January 15, 1923, the six months' period mentioned in Section 9 of the second policy had clearly run long before the death of the deceased. Plaintiff, therefore was entitled to the full benefit without the necessity of proving accidental death.

The contention that the deceased was engaged in a violation of law at the time he met his death, and that therefore his beneficiary should not recover under the policy, is a special defense, and the burden of proving it plainly rests upon the defendant. The record contains no evidence on which we can sustain this defense. The proof of death shows as the cause of death: "Hemmorrhage and shock following gun shot wound of chest." The word "Homicide" also appears on this proof. Further down on the proof appear the words "Shot by watchman." We do not believe that any of the words which we have quoted would justify us in holding that the deceased met his death as a result of a violation by him of law.

The only other proof offered was the Coroner's proces verbal. This was objected to on the ground that the Coroner's proces verbal is admissible only for the purpose of proving the fact and the cause of death. We believe that the objection was properly sustained. The fact of death was not in dispute. It was, in fact, proven by the death certificate. The cause of death was a gun shot wound. Surely, a coroner's proces verbal is not admissible to prove facts leading up to the infliction of a gun shot wound. These are facts which must be proved by actual eye-witnesses, or circumstantial evidence. As to these matters, the Coroner's proces verbal would be hearsay and therefore inadmissible.

Appellee has filed a motion in this court asking for damages for frivolous appeal. We do not believe that this should be allowed.

For these reasons, the judgment appealed from is affirmed.