## LEMON v. LAMAR LUMBER CO., Inc.
### No. 1141.

Court of Appeal of Louisiana. First Circuit.
May 22, 1933.

Ponder & Ponder, of Amite, for appellant.

Ott & Johnson, of Franklinton, for appellee.

LeBLANC, Judge.

This is a compensation suit in which the plaintiff alleges that, while performing his duties in stacking lumber in the lumber yards of his employer, defendant lumber company, he was struck in the left eye by a splinter on the end of a stick which protruded from the lumber pile where he was working. His injury, he claims, caused total blindness in the eye, and the suffering endured caused him to lose weight and strength, all of which result in his permanent partial disability. His demand is for 65 per cent. of his average weekly wage, said to have been between twelve and fifteen dollars, for a period of three hundred weeks.

The defendant denies liability on the ground that the injury complained of did not cause the disability, and avers that plaintiff had lost the sight of his left eye long before he was injured.

The district judge found that the evidence did not support plaintiff's claim that he had lost his eye as a result of the injury, but held that, as it appeared that he had been disabled for a period of at least fifteen days, he was entitled to two weeks' compensation which he fixed at $5.49 per week. In addition thereto, he allowed a fee of $20 to each of the two expert witnesses who testified in the case.

The important issue in the case is whether the plaintiff was blind in the left eye before the accident, or did he become so as a result thereof.

Several of plaintiff's fellow employees testified that he complained to them of having been struck in the eye at the time the accident is said to have occurred, some of them saying that they saw the injured eye at the time, and that there were small cuts or gashes in it. One of these witnesses says he was the one who pulled the splinter out of the eye. The evidence, no doubt, points to the fact that plaintiff was injured, but, when we come to the point where the loss of the eye must be associated with the injury, we find that plaintiff fails entirely to sustain his claim.

Dr. A. D. Martin, eye, ear, nose, and throat specialist, who was offered as an expert witness by the plaintiff, found him to be blind in the left eye, and noticed a slight abrasion adjoining the black and white part of the eye. He says that it is possible that blindness can be caused from a splinter in the eye, but not the kind of blindess plaintiff had, which, in his opinion, resulted from atrophy of the optic nerve.

Dr. H. V. Jones, also a specialist in the same line, and to whom plaintiff was sent on the day that he was injured found the white part of the eye a little red, and that he had a scratch or mark over the pupil. He treated him for some time, during which he gave him a thorough examination, which revealed throughout that the optic nerve was affected. Instead of showing a pink color, it was white. He was convinced from the start that plaintiff was blind before he was sent to him, and that such blindness could not have been caused from the injury complained of.

Dr. Martin was recalled as a witness by the defendant, and, on being asked if, after hearing Dr. Jones describe the condition in which he found the optic nerve on the day of the injury, he was of the opinion that the injury could have been the cause of that condition, answers: "No sir." In an injury of this kind, he says, you would not expect optic atrophy within two or three weeks. There is, as we understand him to say, a primary and secondary atrophy. At first there is congestion, and then, after two or three weeks, there is the whitening of the optic nerve, which no doubt is what was observed by Dr. Jones on the very day of the injury. This, it would seem makes it very clear, as far as this record and the testimony shows, that the condition of blindness found on that day could not have been caused by the injury which plaintiff sustained.

It may be remarked that both of these doctors testified to the fact that a man may be blinded in one eye and not know or realize that he is.

The foregoing comprises all of the medical testimony in the case and on which we must rely in deciding this important point. It certainly cannot be said to support plaintiff's claim for compensation as for the loss of an eye arising out of the accident, and that much of it was properly rejected in the judgment appealed from.

The defendant has not answered the appeal asking for an amendment of the judgment in so far as it allowed plaintiff two weeks' compensation and taxed the fees of the experts as costs. On the contrary, in brief of their counsel, we are asked to affirm the judgment with which, apparently, they are satisfied.

Judgment affirmed.