## ARDOIN v. FIRESIDE MUT. AID ASS'N.
### No. 1259.

Court of Appeal of Louisiana. First Circuit.
Dec. 4, 1933.

A. H. Garland and R. Lee Garland, both of Opelousas, for appellant.

Hawthorn, Stafford & Pitts, of Alexandria, for appellee.

LE BLANC, Judge.

The plaintiff held a membership certificate in the defendant association under the terms of which it agreed to pay him for certain bodily injuries "caused solely, directly and independently of all other causes, by external means of a violent or accidental nature. * * *" During the term of his membership, plaintiff was employed by the Foundation Company which was engaged in the construction of a bridge at Krotz Springs in the parish of St. Landry, and he claims that, while so working, he suffered an accidental injury to one of his eyes, and, as a result thereof, he has completely lost the use of it. The association having refused to pay him, plaintiff instituted this suit to recover the amount he claims to be due for the loss of his eye under the terms of the policy, that is, the sum of $250. In addition, he prays for such penalties as may be prescribed by law for the willful withholding of the payment of his loss by the defendant.

The defense is that the loss of plaintiff's eye was not occasioned "solely, directly and independently of all other causes, by external means of a violent nature," but was caused by a pre-existing diseased condition.

The district judge holding that plaintiff had the burden under the contract on which

he sued, of proving that the loss of his eye was caused solely and independently of all other causes by means of a violent and accidental nature, and finding that he had failed to carry that burden, but, on the contrary, that the defendant had shown by a reputable physician, well known to him, that the loss of plaintiff's eye was due to a diseased condition that existed prior to the accident he complained of, rejected his demand and dismissed his suit. From a judgment so decreeing, the plaintiff has appealed.

Plaintiff's testimony is to the effect that his eye suffered from having particles of steel and then some cement blown into it, and that the day following the accident he was sent to see a doctor who was not an eye specialist. This doctor sent him to Dr. Beridon who does specialize in the treatment of the eyes and who, on examination, condemned his left eye. Prior to the accident he complains of, he had never suffered at all from eye sight.

The defendant does not dispute the fact that plaintiff has lost the use of sight in his left eye, but insists, as shown by the testimony of Dr. I. F. Littell, that the loss was caused by some disease existing before and not by the accident. This doctor, when asked if the condition in plaintiff's eye was caused by cement being blown into it, answers by saying, "Most positively not." He ascribes the loss of plaintiff's eye to some trouble which existed before it was injured by having cement blown into it. Speaking in medical terms, he says that plaintiff's trouble was due to "choroiditis" and that when that condition is the result of trauma, the lesions which appear are lineal, whereas when it is caused by disease, the lesions are more rounded and somewhat mottled. The lesion perceived in plaintiff's case was not of the traumatic type but resembled that caused from diseases of the eye. The diseases that are commonly found to be the cause of the condition he found are said by him to be syphilis, diabetes, improper diet, auto-intoxication, and also albuminuric retinitis conditions. The doctor's examination did not extend to ascertaining which of these several diseases might have been the cause of the plaintiff's condition, but he seemed to be as positive as any doctor specializing in diseases of the eyes could be that the condition was not the result of the accident plaintiff complained of.

The theory of counsel for plaintiff seems to be that it was incumbent on the defendant association to show that the cause of the condition of plaintiff's eye was brought on by one of the diseases enumerated by Dr. Littell. It is argued that if any one who holds such a certificate as the plaintiff's in the defendant association had a disease at some remote time which would have contributed to the loss of his eye, he is out of court and, if he never had such disease but was unable to

prove that he never had, he is equally as unfortunate. Counsel seems to overlook the fact that his client is here suing on a contract in which he undertook the very task that he is now trying to relieve him from and which he would place on the defendant. Plaintiff accepted the contract just as it is written and in which defendant agreed to pay him a loss for injury caused "solely, directly and independently of all other causes, by external means of a violent and accidental nature" and the burden therefore rested on him to show that such was the cause. He made that the very issue in the case by alleging in his petition that he had lost his eye "by means of an accidental nature solely," and, when defendant met that issue squarely by its denial, he should have come to court prepared to prove to a legal certainty that such was the fact. This he failed to do. We are referred to the testimony of Dr. Beridon who examined him at the time of the injury, but Dr. Beridon frankly states that from the examination of the eye solely, he could not tell what was the cause of the condition he found. It is not pretended that Dr. Beridon made any further or other examination. Plaintiff produced a lay witness who testified about the condition of his eye and his general physical condition prior to the accident, but such testimony, of course, is of no value when we are dealing strictly with a question on which only those versed in medical science are qualified to speak with authority.

If there is a preponderance of evidence on either side in this case, we rather agree with the district judge that it is with the defendant. At any rate, we certainly believe that he was right in holding that the plaintiff had failed to carry the burden of proof which rested on him and therefore conclude that he properly rejected his claim.

Judgment affirmed.