## ARDOIN v. FIRESIDE MUT. BENEV. ASS'N.*
### No. 1259.

Court of Appeal of Louisiana. First Circuit.
March 6, 1934.

For prior opinion, see 151 So. 248.

A. H. Garland and R. Lee Garland, both of Opelousas, for appellant.

Hawthorn, Stafford & Pitts, of Alexandria, for appellee.

LE BLANC, Judge.

In his application for rehearing, counsel for plaintiff states that "the Court erred in not giving weight to the testimony of the several (not one, as suggested by the author of the opinion) witnesses, all neighbors and close associates of the plaintiff who saw him daily since his early youth, that they had never known him to be sick or to need the services of a physician before the accident." Counsel then calls our attention to the fact that these several other witnesses, as was admitted by counsel for defendant, were present in court, and would, if called to the witness stand, have testified to the same effect as did the one referred to. What counsel states is correct, and we acknowledge an inadvertence on the part of the organ of the court which was entirely unintentional however, and which had absolutely no effect on the final result reached in the decision. These several witnesses, like the one mentioned in the opinion, were all lay witnesses, and their testimony would not have had more weight with us than did that of the one who testified.

We are reminded that the observation of neighbors and friends of a person's state of mind is always accepted as proof indicating what the actual condition is. That is quite true, but there is a vast difference, in our opinion, between a disease which produces an abnormal condition of the mind and one which would affect merely the vision of the eye. A lay witness may very well testify with some degree of authority about a certain individual's actions, whether they appear to him to be rational or not and whether his speech is coherent or distorted. That would be a condition that is observable of itself and would naturally lead to the supposition that that person has some form of disease which has affected his mind. But that same witness would not be qualified to say that that individual has not a disease which has affected his eyesight, especially when there is nothing in the eye itself to indicate it, from the simple fact that he has never known him to consult a physician and to have otherwise appeared to be in good health. In a case recently decided by this court, Lemon v. Lamar Lumber Co., Inc., 148 So. 94, we commented on the fact that two doctors

---

*Writ of certiorari granted April 23, 1934.

testified to the effect that a man may be blinded in one eye and not know or realize that he is. That may strike the average layman as being extraordinary, and still these two doctors, one of them an eye specialist, seemed to speak with authority on the question, and their testimony was not contradicted. Certainly if one person affected himself with the loss of sight in one eye may not know of it, it is hardly to be expected that his neighbors and friends could detect his affliction.

We have carefully reconsidered the whole case in connection with the earnest argument made by counsel for rehearing and find that otherwise than as herein stated the application presents nothing that would lead us to a different conclusion than the one reached in our former decision.

Rehearing is therefore refused.