156 So. 364

**HALL v. COURTNEY et al.**

No. 32558.

July 2, 1934.

Rehearing Denied Aug. 3, 1934.

Edward L. Gladney, Jr., and James T. Shell, Jr., both of Bastrop, for appellant.

Spearing & McClendon, of New Orleans, and Madison, Madison & Fuller, of Bastrop, for appellee.

LAND, Justice.

Plaintiff, an emancipated minor and wife of Bennie Hall, has brought the present suit against James Courtney, administrator of the succession of the late tutor of plaintiff, and against the United States Fidelity & Guaranty Company, surety on the administrator's bond, to recover the sum of $2,140 against defendants in solido, and which plaintiff alleges is due her by her late tutor and his succession.

An exception of prematurity filed by the surety company in the court below was sustained, and plaintiff's suit as to this defendant was dismissed as of nonsuit.

Thereafter, the defendant James Courtney filed an exception of no cause or right of action, which was overruled.

Finally, the defendant James Courtney pleaded that the matters presented in plaintiff's petition have heretofore been adjudged and passed on by the court below by a proper judgment in the matter of the succession of J. B. Courtney, deceased, ordering the homologation and approval of the final account filed by the administrator, and that this judgment constitutes res adjudicata.

Plaintiff has appealed from the judgment sustaining the plea of res adjudicata, and defendant has answered the appeal and asks that the exception of no cause or right of action be considered by this court and prays that same be sustained.

■ 1. The exception of no cause or right of action admits to be true the well-pleaded facts set out in plaintiff's petition, which are as follows:

When plaintiff was four years old, her mother, Mrs. Lillie Mae Daniel, died in the parish of Morehouse, leaving to plaintiff personal property consisting of life insurance to the value of $2,000 and movables of the value of $140.

J. B. Courtney, maternal grandfather of plaintiff, was appointed as her tutor, and recorded in the mortgage records of Morehouse parish an abstract of inventory showing the value of plaintiff's property to be $2,140.

About six years later, the tutor gave a special mortgage on certain real estate owned by him, which was accepted by the court in lieu of the general mortgage resulting from the recordation of the abstract of inventory. This special mortgage was for the full amount of the inventory, the sum of $2,140,

and was duly recorded in the mortgage records of Morehouse parish.

The tutor died intestate October 15, 1925, and did not file, during his lifetime, any accounts, or receive from the court any orders to disburse or pay out, or otherwise dispose of, for or on behalf of plaintiff, any of the funds or property received by him.

The defendant James Courtney, the son of the decedent James Courtney, was appointed administrator of his estate, and filed an inventory including the property of plaintiff.

On January 12, 1926, defendant, as administrator, obtained an order from the court for the sale of all of the property belonging to the succession of the late James Courtney, to be sold free of all liens and incumbrances, which were referred to the proceeds of the sale.

On February 20, 1926, the property was sold at public auction for the sum of $10,-000 cash, including the real estate incumbered with the special mortgage in favor of plaintiff.

On April 16, 1926, an order reciting the administrator's sale of the property, and authorizing and instructing the clerk and ex officio recorder of mortgages of the parish of Morehouse to cancel the special mortgage of plaintiff, was issued by James Courtney, administrator, through his attorneys, and the special mortgage of plaintiff was erased and canceled in full from the mortgage records of Morehouse parish by the clerk and ex officio recorder of mortgages.

On May 24, 1926, the administrator filed a final account of his administration, wherein

privileged claims amounting to $7,326.33, and ordinary claims totaling $3,065.30 were listed for payment out of the funds in his hands. The final account of the administrator was published and homologated and these claims were paid as listed therein.

The minor's claim was not listed in the final account. The administrator violated the order of the court to transfer the special mortgage of the minor in the sum of $2,140 to the proceeds of the sale, and the funds of the minor were misapplied by him to the payment of privileged debts and even ordinary claims, after the only security for the protection of these funds had been destroyed by his procurement of the cancellation of the minor's special mortgage on the property of her late tutor.

Under this state of facts, as disclosed by the allegations of plaintiff's petition, our conclusion is that plaintiff has sufficiently charged the administrator with acts of maladministration for which he is individually liable, and that the exception of no cause or right of action was properly overruled.

2. The administrator in this case has acted throughout against a minor, unrepresented by a tutor. The homologation of the final account of the administrator was purely an ex parte proceeding, conducted by him without legal notice to the minor.

Ordinarily, a creditor is bound by the judgment homologating the final account of an administrator, after due publication; and without timely opposition; but a minor, unrepresented by a tutor, is not so bound.

"Incapable persons can be cited *or notified* only through their legal representatives. *No-*

*tice* implies knowledge brought home to some person, standing in law for himself or for others, and presumed to be capable of attending to his own affairs."

"The minor is deemed incapable of managing his own affairs. From his birth to his majority he is subjected to the control and authority of his parents or tutor. The minor is incapable of representing himself. He cannot stand alone in or out of court. When a minor is without a tutor, any person who has a claim against him may apply to the competent judge to request that a tutor ad hoc be appointed to defend the interests of the minor. Rev. Civ. Code, art. 313. *The minor cannot be cited or notified except through his tutor.* Even the surviving father or mother cannot represent the minor unless he or she take the oath required by law. Code Prac. arts. 949, 950."

In re Interstate Land Co., 118 La. 594, 595, 43 So. 173, on rehearing.

The judgment of homologation, pleaded as res adjudicata in this case, is not binding on the minor, as she was not legally notified, and the proceeding was not therefore had contradictorily with her. Such judgment has not the effect of the thing adjudged.

It is therefore ordered that the judgment appealed from, sustaining the plea of res adjudicata in this case, be annulled and reversed.

It is now ordered that the case be remanded to the lower court, to be proceeded with in due course, and in accordance with the views herein expressed. It is further ordered that defendant James Courtney pay the costs of this appeal, and that all other costs await the final judgment to be rendered herein.