OYERTON, Justice.
 

 This suit is one on an accident insurance policy issued by defendant in favor of plaintiff. The policy provides that the “Association will pay to the herein named member, [plaintiff], the amounts stipulated in the following table for bodily injury, when such injury is caused solely, directly and independently of all other causes, by external means of a violent or accidental nature, separately but not collectively, viz: * * * loss of one eye $250.”
 

 While the policy, or membership certificate, was in force, plaintiff was in the employ of the Foundation Company, a company engaged in the construction of a bridge at Krotz Springs, in the parish of St. Landry. Plaintiff was occupied in working on the bridge, when he says a small particle of steel -blew into his left eye, and caused some inflammation. He continued with his work, and, while working on the bridge the next day, particles of cement were blown into the same eye. The cement apparently caused more inflammation to set in, and plaintiff urges that the blowing of the cement into his eye caused him to lose the sight of the eye. Soon after the cement was blown into his eye plaintiff presented himself to his employer for medical attention.
 
 *312
 
 He was referred to a person who was not a licensed physician, and his eye was given a superficial examination and treated for the inflammation. About ten days later he was sent to an eye, ear, nose, and throat specialist in Opelousas for examination and treatment. The examination showed that the eye was lost, but Dr. Beridon, the specialist, could not say from his examination whether the accident caused the loss of the eye or whether it was lost prior to the accident. A few weeks later, plaintiff was sent to Dr. Littell, of Alexandria, another eye specialist, for examination and treatment. Dr. Littell found that the eye was lost, and, from a scar he discovered inside of it, he reported and testified that the eye was not lost by reason of the accident, but by reason of a prior disease.
 

 The only dispute in the case is whether the eye was lost solely and independently of all other causes by the accident. • It is defendant’s contention that it was lost prior to the accident, and, .therefore, that its loss was not the resu.lt of the accident.
 

 The trial of the case in the district court resulted in a judgment for defendant. The judge there found, as a matter of law, that the burden of proof was upon plaintiff to bring his case within the terms of the policy, but aside from this, that the preponderance of the evidence was with defendant. On appeal to the Court of Appeal, that court, with reference to the preponderance of evidence and the burden of proof, said:
 

 “If there is a preponderance of evidence on either side in this case, we rather agree with the district judge that it is with the defendant. At any rate we certainly believe that he was right in holding that the plaintiff had failed to carry the burden of proof which rested on him and therefore conclude that he properly rejected his claim.” The judgment of the trial court was thereupon affirmed by the Court of Appeal.
 

 Plaintiff has made application to us to review the judgment of the Court of Appeal on the ground that it erred in holding that the burden of proof rested on him. We are of the opinion that the court did not err in so holding.
 

 It is a rule of law that one who sues upon a contract must allege and prove every fact necessary to bring him within the contract. Here it was necessary that plaintiff allege and prove facts showing that he held a policy from defendant; that this' policy insured him against the loss of an eye; that his eye was lost while the policy was in force; the loss being caused solely, directly and independently of all other causes, by external means óf a violent or accidental nature. Plaintiff has alleged the necessary facts, but he has not established by a preponderance of evidence that the loss of the eye was caused solely, directly, and independently of all other causes by external means of a violent or accident tal nature. Without such proof he cannot recover, for without it he has not brought himself within the terms of the policy. It does not suffice for him to show that at some uncertain time in some unknown way he lost an eye. The rule, as announced in 1 C. J. p. 496, § 284, and supported by abundant authority, is:
 

 “In an action, upon a policy of accident in: surance the burden rests upon plaintiff, in the
 
 *314
 
 first instance, to make out a prima facie case in favor of a recovery 'by showing that the death of or injury to the insured was the result of external, violent and accidental means as required by the policy. * * * ”
 

 One, among the many cases cited in support of the foregoing text, is a Louisiana case, Kling v. Masons’ Fraternal Accident Association, 104 La. 763, 29 So. 332.
 

 Plaintiff cites, in support of his contention that the burden of proof was on defendant to establish that the accident was not the cause of the injury, the cases of Massachusetts Protective Association v. Ferguson, 168 La. 271, 121 So. 863; Faulk v. Mutual Life Insurance Co., 160 La. 529, 107 So. 395; Webster v. New York Life Insurance Co., 160 La. 854, 107 So. 599; and Canal-Commercial Trust & Savings Bank v. Employers’ Liability Assurance Corporation, 155 La. 720, 99 So. 542.
 

 The Ferguson Case is a case that restricted the liability of the company by exempting it from liability for death or incapacity from tuberculosis contracted while serving in the army in time of war. It was there held, and properly so, that, to enjoy the exemption or restriction, the insurance company would have to show that the disease was contracted while the insured was serving his country in time of war, and that the insured was not called upon to show that the disease was not so contracted. The case, though correctly decided, is not appropriate in behalf of plaintiff. The three remaining cases are cases upon insurance policies involving the contention that the deceased committed suicide, and was not accidently killed. The court correctly held in them that the burden of evidence was on the insurer to establish the commission of the suicide, for the presumption against suicide shifts the burden of evidence to the insurance company pleading it. Moreover, suicide is an exception to the policy in the insurer’s interest. These cases are not pertinent here.
 

 The judgment, under review, is affirmed.
 

 O’NIELL, O. J., dissents.