## CLAY v. LIBERTY INDUSTRIAL LIFE INS. CO.

### No. 14807.

Court of Appeal of Louisiana. Orleans.
Dec. 10, 1934.

Loys Charbonnet and E. B. Charbonnet, Jr., both of New Orleans, for appellant.

J. I. McCain, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for $200, the face value of a policy of industrial life insurance. There was judgment below for $100 and defendant has appealed.

A number of defenses were presented below, one of which, based upon a provision in the policy sued on to the effect that, if the insured died within one year of the date of the policy, the coverage would be limited to one-half of its face value, was conceded to be good and recognized as such by the trial court in its judgment. The other defenses, with the exception of two which we shall discuss, were apparently abandoned. One of the remaining defenses is based upon the following clause in the policy: "This policy is void * * * if any policy on the life of the insured has been issued by this Company and is in force at the date hereof, unless this policy contains an endorsement signed by the President, Vice-President or Secretary that such prior policy may be in force."

There was no indorsement on the policy sued on, and on the trial of the case defendant attempted to prove the existence of a prior policy by the introduction of a premium receipt book showing payments on the life of deceased, Sam Clay, in connection with a policy numbered 4494–D (policy sued on is numbered 12929–B). The evidence was objected to upon the ground that it was immaterial. The objection was overruled, and in this court it is contended that the evidence should be excluded upon the ground that the policy itself was the best evidence, citing Waller & Edmonds v. Cockfield, 111 La. 595, 35 So. 778; Weisman Ins. Agency v. Bass, 14 La. App. 207, 127 So. 635. The cases cited sustain the proposition that secondary evidence may not be admitted to establish the provisions of a policy unless the proper foundation is laid by proof of the loss or inability to produce the policy after proper effort to obtain it, but in this case the objection is not based upon the best evidence rule, but upon the ground of immateriality.

We conclude, therefore, that the evidence was properly admitted.

The premium receipt book showed that premiums had been paid upon two policies for different amounts in the name of Sam Clay and had been collected by two different agents of the company, but it did not establish that both policies were held by the same individual, nor was the secretary of the defendant company, John D. Brown, able to say how many Sam Clays had taken out policies. But even conceding, for the sake of argument, that the record does prove the issuance of another policy to Sam Clay, we are of opinion that the clause of the policy relied on has been waived. The defendant is presumed to be cognizant of its own records. It collected premiums for fifty weeks without attempting to cancel the policy upon the ground of the prior issue of another policy, and cannot now be allowed to deny validity of the policy upon that ground. It might be that the mere issuance of the policy would not work an estoppel by waiver, but, after a reasonable time has elapsed dur-

ing which the company might ascertain the fact of its issuance, and certainly after the payment of fifty weekly premiums, it must be presumed to have waived the provision in that regard.

The Supreme Court of New York, Appellate Division, in the case of Atlas v. Metropolitan Life Ins. Co. (App. Term) 181 N. Y. S. 363, held that a similar clause, referred to by the same court in the case of Kelly v. Metropolitan Life Ins. Co., 15 App. Div. 220, 44 N. Y. S. 179, as one of "self-stultification," was waived by the continued acceptance of premiums on the policy.

In Monahan v. Mutual Life Ins. Co., 103 Md. 145, 63 A. 211, 213, 5 L. R. A. (N. S.) 759, the Court of Appeals of Maryland, in holding a similar provision to have been waived by the acceptance of premiums for a number of years, although it found as a fact that the insurance company did not know of the existence of the second policy, said:

"It will not do to say that in order to avoid expense the company's books were kept in such a manner as not to disclose the names of the assured, and therefore that it could not know, when the second policy was issued, that there was a prior one of its own outstanding on the same life. If the company, to serve its own purposes, saw fit to adopt an imperfect and incomplete system of recording its policies, whereby its books failed to show what, if prudently and methodically kept, they would have revealed with respect to the names of the insured, it certainly should not be permitted to set up its own ignorance, resulting from its own negligence, as a valid reason for the nonapplication of the doctrine of waiver. It cannot be doubted that the company ought to have known the names of the persons upon whose lives it carried risks; and it is obvious that a proper attention to its business would have apprised its officers of those names, and consequently it has no right to set up its voluntary and censurable ignorance of those names as an excuse for not knowing that a prior policy had been issued by it on the life of Mary J. Marian."

The second ground of defense insisted upon here is based upon a provision of the policy to the effect that, when an assured dies within eighteen months of the issuance of the policy of one of certain enumerated diseases, among them tuberculosis, only one-half of the amount otherwise due is payable. If this clause applies to the facts of this case, it would have the effect of reducing the amount due under the policy to $50. Two death certificates were introduced in evidence in both of which the cause of death is stated to be "caseous pneumonia entire rt. lung and upper lobe of lt. lung," and the contributing cause stated as "Tuberculous enteritis. Subacute splenic tumor." Objection was made to the admissibility of these certificates upon the ground that they were not admissible to prove the cause of death of the insured in the absence of a medical examination (the policy having been issued without a medical examination). The objection was maintained in so far "as the nature of the death" was concerned, but otherwise the certificates were admitted.

■■ We know of no reason which would support an objection to the admissibility of a death certificate upon the ground that a medical examination was not exacted by the insurer. Counsel, no doubt, has in mind Act No. 97 of 1908, but there is no provision in that act which would have the effect claimed here. However, neither death certificate in this case has been identified by the physician whose name is signed to it, and, without proof that one of them was submitted by the beneficiary, and consequently a statement against interest (see Albert v. New Capitol Industrial Co. [La. App.] 154 So. 755), they have no probative value as to the cause of death. The evidence in regard to these certificates is that given by the secretary of the company, Brown, who, it will be remembered, could not say how many Sam Clays had been insured by his company and whether the premiums collected under the two policies referred to by him were both taken out by the same individual or not.

■■ Brown at first said that he did not know whether either one was submitted under the policy sued on, and that, where the company issued two policies, the practice was to require only one death certificate. He subsequently identified one of them as having been filed under the present policy. In any event the statement in the death certificate as to the cause of death, whatever be its purport, is not admissible to prove the cause of death. Beco v. People's Indust. Life Ins. Co., 9 La. App. 371, 119 So. 281; Faulk v. Mutual Life Ins. Co., 160 La. 530, 107 So. 395. The burden of showing that the assured died from one of the diseases mentioned in the policy as excluded from coverage rests on the defendant, and it has completely failed to establish that fact.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.