HAWTHORNE, Justice.
 

 The plaintiffs have appealed from a judgment denying them recovery under the double indemnity provision of a life insurance policy on the life of their brother, Jesse J. Franklin. The insurance company paid the face amount of the policy, but denied liability under the double indemnity provision.
 

 The provision for double indemnity benefits, insofar as pertinent, reads as follows :
 

 “The Double Indemnity will be paid upon receipt of the proof that the Insured died as a direct result of bodily injury effected solely through external, violent, and accidental means,
 
 independently and exclusively of all other
 
 causes, and of which, except in the case of drowning or asphyxiation, there is evidence by a visible contusion or wound on the exterior of the body * * * provided that the Double Indemnity shall not be payable if death resulted * * * directly or indirectly from disease or bodily or mental infirmity.. * * *” (Italics ours.)
 

 On December 20, 1945, Jesse J. Franklin was found lying on the sidewalk on a principal thoroughfare of the Town of Lees-ville, bleeding from the left ear and the nostrils, with a bruised and abraised condition of the chin, one hand, and the side of his head. He was taken to the hospital and remained totally unconscious for about 48 hours, and was conscious only momentarily from that time until his death on December 27.
 

 The physician who first saw the decedent at or near the scene where he was found, and who attended him until his death, signed the certificate of death on December 27, in which he gave the immediate cause of death as “diabetic coma” of 48 hours’ duration due to “chronic diabetes” of 20 years’ duration. This certificate also stated that other conditions were “hypertension — fall to sidewalk — fracture right lower jaw”. "Jhe record discloses that at the time of death the decedent was suffering from diabetes in its advanced stages, hypertension, and Bright’s .disease, and was drawing total and permanent disability benefits due to his physical condition from the defendant insurance company.
 

 The appellants take the position that they have proved that the injuries received by the deceased were the predominant cause of his death, and that they are entitled to recover under the policy even though disease contributed to his death.
 

 The appellee contends that it is encumbent upon the plaintiffs to prove that death was caused solely by accidental means, and that in this case they have not produced any evidence whatsoever to show an accident. It further contends that the record
 
 *1065
 
 does not show that the injuries were the direct cause of death, or that the injuries were the predominant cause of death. The argument is made that the decedent’s fall was caused in all probability by disease, and ■the doctors concede that hypertension could at any time cause dizziness resulting in a ■fall.
 

 The first question for our consideration is whether the fall of the deceased was an •accident within the meaning of the policy if, as contended by the insurance company, it was induced by disease — that is, if the decedent fell because he was overcome by diabetic coma or hypertension.
 

 Although we have found no cases directly in point in this state, the following cases support the insurer’s contention that a fall induced by disease would not be an accident, so that injuries suffered thereby would not be by accidental means under the provision of the policy relating to double indemnity: Illinois Commercial Men’s Ass’n v. Parks,
 
 7
 
 Cir., 179 F. 794; Wallace v. Standard Acc. Ins. Co. of Detroit, Mich.,
 
 6
 
 Cir., 63 F.2d 211; Harrison v. New York Life Ins. Co., 6 Cir., 78 F.2d 421; New York Life Ins. Co. v. Roufos, 6 Cir., 83 F.2d 620; New England Mut. Life Ins. Co. v. Flemming, 9 Cir., 102 F.2d 143; Phillips v. Travelers’ Ins. Co. of Hartford, Conn., 288 Mo. 175, 231 S.W. 947. On the other hand, our research reveals that there is also authority to the effect that, even though a fall is induced by disease, it would nevertheless be an accident within the meaning of the provision. Provident Life & Accident Ins. Co. v. Watkins, 256 Ky. 645, 76 S.W.2d 889, and cases therein cited; 5 Couch on Insurance, sec. 1142, at pp. 4007-4008, and cases cited therein.
 

 No proof whatever was introduced by plaintiffs to show what caused the fall, or to show how the deceased came to be lying on the sidewalk. So far as the record discloses, there were no witnesses to the fall, and we have no way of knowing what caused it, but, like counsel’s, ^our conclusions can only be the result of surmise, conjecture, and speculation.
 

 Under the facts and circumstances of this case, however, we are inclined to agree with the insurer that the fall in all probability was induced by disease; but, even if we concede for the sake of argument only and without deciding the matter that it would nevertheless be an accident within the meaning of the policy — a view most favorable to the plaintiffs — ,the question remains whether the injuries sustained in the accident were the cause of death within the meaning of the policy.
 

 This court in De Blieux v. Travelers Ins. Co., 185 La. 620, 170 So. 14, 16, had occasion to consider a similar double indemnity provision in a life insurance policy. The provision in that case, insofar as it is pertinent here, read: “ ‘If death should result from bodily injuries, effected
 
 directly and independently of all other causes through
 
 external>
 
 violent and accidental
 
 means, * * * which shall cause such
 
 *1067
 
 injuries, and of which * * * there is a visible contusion or wound on the exterior of the body, provided, that such (death) does not result, directly or indirectly, from diseases in any form, defendant will pay on receipt of due proof thereof * * ” (Italics ours.) In the cited case this court quoted at length and with approval from the case of Carnelious v. Louisiana Industrial Life Ins. Co., 18 La.App. 739, 138 So. 533, 535. In the Carnelious case, in answer to the insurance company’s contention that no recovery could be had because the accident must be the sole and independent cause of the disability, the court said:
 

 “ * * * Our understanding of the meaning of this clause, as interpreted by the courts generally, is that it suffices if the cause of injury or death be the efficient or predominant cause. The phrase ‘resulting directly, independently and exclusively in death,’ refers to the efficient, or, as some courts speak of it, the predominant cause of death at the time it occurs. Illinois Commercial Men’s Ass’n v. Parks, 7 Cir., 179 F. 794.” See other authorities therein cited, and Jones v. Washington Nat. Ins. Co., La.App., 2 So.2d 696.
 

 The insurance company further contended in the De Blieux case that the meaning of the clause in question as announced by the authorities in the Carnelious case had no application for the reason that the provision in the policy in the De Blieux case contained the further proviso (as does the policy in the instant case) that death shall not result directly or indirectly from disease in any form. In answering this contention the court said that this “proviso is merely for the purpose of emphasizing the preceding language of the policy — that the death must result from ‘bodily injuries, effected directly and independently of all other causes through external, violent and accidental means.’ Proof to that extent necessarily makes the disease proviso inapplicable.”
 

 In Ardoin v. Fireside Mut. Aid Ass’n, 180 La. 309, 156 So. 363, the plaintiff instituted suit under an accident insurance policy for the loss' of an eye as a result of an alleged accident, contending that such injury was caused solely, directly, and independently of all other causes by external means of a violent or accidental nature within the terms of the policy. The defendant insurance company contended that the eye was not lost as the result of the accident but that its loss occurred prior thereto as the result of disease. The Court of Appeal, First Circuit, rendered judgment in favor of the defendant; see 151 So. 248, rehearing refused 153 So. 60. Plaintiff in that case made application to this court to review the judgment of the Court of Appeal on the ground that it erred in holding that the burden of proof rested on him. This court in its opinion found that the Court of Appeal correctly placed the burden of proof in such a case on the plaintiff, and affirmed its decision. In the course of that opinion we said:
 

 
 *1069
 
 “It is a rule of law that one who sues upon a contract must allege and prove every fact necessary to bring him within the contract. Here it was necessary that plaintiff allege and prove facts showing that he held a policy from defendant; that this policy insured him against the loss of an eye; that his eye was lost while the policy was in force; the loss being caused solely, directly and independently of all other causes, by external means of a violent or accidental nature. * * *” [180 La. 309, 156 So. 364]
 

 The court further held that the plaintiff must establish by a preponderance of the evidence that the loss was caused solely, .directly, and independently of all other causes by external means of a violent or accidental nature; that without such proof lie could not recover because he had not brought himself within the terms of the policy.
 

 In the De Blieux case, supra, this court found that the plaintiffs established by a preponderance of the evidence that the deceased died from septicemia resulting from the accident and the infection caused by it, and not from the chronic blood disease with which the deceased was afflicted. In that case the plaintiffs correctly conceded, as pointed out by this court, that they had the burden of establishing that death resulted from external, violent, and accidental causes, independently of all other causes, including disease in any form.
 

 Furthermore, under the double indemnity provision of the policy in the instant case, the insurance company agrees to pay the amount thereof upon
 
 receipt of proof
 
 that the insured died as a direct result of bodily injuries effected solely through external violence and accidental means, independently and exclusively of all other causes. Thus the contract itself places the burden of proof on the plaintiffs.
 

 Under the well-established jurisprudence of this state, therefore, for the plaintiffs to recover in the instant case, they must prove by a preponderance of the evidence — the burden of proof being on them — that the injuries received in the conceded accident were the predominant cause of death.
 

 Plaintiffs placed several witnesses on the stand to prove that during the day on which the decedent received his injuries' his equilibrium was good, and that he was in good spirits. Apparently the purpose of this showing was to overcome any inference that the fall was induced by disease. Since we have conceded that the fall was an accident, their testimony is of no value.
 

 To prove that the injuries were the predominant cause of death rather than disease, the plaintiffs rely on the testimony of three doctors. Two of them attended the.deceased after he received the injuries, and the third had treated him several months previously. The two doctors who attended him agreed that the diseases were
 
 *1071
 
 contributing causes of his death, but they testified that in their opinion he died from fracture of the skull. Neither physician could testify positively, however, that he had a fractured skull. One testified that the symptoms that the patient had usually indicated a fracture, and the other testified that the deceased apparently had a fracture. They both testified that no positive evidence could be obtained because the patient could not remain still long enough for them to get an X-ray picture. It is significant that the doctor who filled out the death certificate immediately after death stated the cause of death to be diabetic coma of 48 hours’ duration caused by chronic diabetes . of 20 years’ duration, and did not even mention fracture of the skull as a condition of the patient; that as late as February 9, 1946, more than a month after the death, this doctor in a statement of the case, addressed “To Whom It May Concern”, was uncertain as to the predominant cause of death; and that the other doctor testified that even at the time of the trial he did not know how he would fill out the death certificate. The third doctor’s testimony is of no value on this point because he did not see the deceased after his fall.
 

 The trial judge in denying the plaintiffs recovery apparently was of the opinion that they had not proved their case, and we cannot say that he was manifestly erroneous in his conclusion. On the contrary, we are fully convinced that the plaintiffs have not proved by a preponderance of the evidence that the injuries received were the predominant cause of death.
 

 Plaintiffs rely on Konrad v. Union Casualty & Surety Co., of St. Louis, Mo., 49 La.Ann. 636, 21 So. 721, and Donnell v. Prudential Life Ins. Co. of America, La.App., 160 So. 828. We have carefully read these cases and do not find that they support plaintiffs’ claim to recover under the double indemnity provision.
 

 For the reasons assigned, the judgment is affirmed; appellants to pay all costs.