McBride, judge.
This is a suit on a policy of accident insurance which defendant issued to Amos Bordeaux; among the coverages the contract provides that in the event of the death of Amos Bordeaux, if such death should result directly and independently of all other causes from accidental bodily injury occurring during the term of the policy, the insurer would pay to the beneficiary the “principal sum” of the policy. Deseree Brooks, the named beneficiary, brings this suit against the insurer for said principal sum, to-wit: $1,500. She alleges Bordeaux was killed on January 6, 1951, and that his death resulted directly and independently of all other causes from accidental bodily injuries, and that although she has submitted to the insurer sufficient proof of claim, the insurer without legal justification refuses to recognize her claim to the proceeds of the policy.
The insurance company admits issuing the policy and that the premiums thereon were paid; for want of sufficient information and belief defendant denies that Bordeaux was killed on January 6, 1951, or that his death resulted directly and independently of all other causes from accidental bodily injury. The answer then sets forth that the policy provides:
“This policy does not cover loss or disability (E) caused by intentionally inflicted injuries provoked by the insured; (F) resulting from the insured being intoxicated; (G) resulting from the insured’s commission or the attempt to commit a felony.”
It is also averred:
“ * * * That defendant is informed and believes and so believing, avers that Amos Bordeaux provoked a quarrel and resulting altercation which resulted in his death and that at the time of the quarrel and up to his resulting death, the insured had been on a drinking spree with one Maude Matthews. That on the Sixth day of January, 1951, while on a drinking bout with the said Maude Matthews he attacked her and in the course of defending herself while under a vicious attack by the deceased, she killed the said Amos Bordeaux, insured in this matter.
“6. That Maude Matthews was charged in the Criminal District Court for the Parish of Orleans under No. 135-475 with violating [LSA] Revised Statute 14:31 and on March 31, 1952, she was tried by a jury and found not guilty and discharged. The discharge by the jury and by the court resulted from the finding that the attack had been made upon Maude Matthews by the deceased, Amos Bordeaux, and that in defending herself, she killed him.”
Neither party adduced testimonial evidence at the trial. All that was produced by plaintiff as her evidence is the policy itself and a certified copy of the death record of Amos Bordeaux issued by the Bureau of Vital Records of the City of New Orleans Health Department.
The only offer made by defendant is the record in the cause entitled “State of Louisiana v. Maud Matthews,” No. 135,475 of *655 the docket of the Criminal District Court for the Parish of Orleans, in which is included a photostatic copy of the true bill of indictment presented by the Grand Jury for the Parish of Orleans, on January 23, 1951, against Maud Matthews for having on the 6th day of January, 1951, with force and arms in the Parish of Orleans and within the jurisdiction of the Criminal District Court for the Parish of Orleans “unlawfully killed one Amos Bordaux” contrary to the forms of Statute of the State of Louisiana in such cases made and provided and against the peace and dignity of the same. Contained in the record also is a photostatic copy of an endorsement on the indictment showing that on March 31, 1952, the jury returned a verdict of “not guilty,” which was ordered recorded by the court and the defendant, Maud Matthews, discharged “without day.”
After taking the matter under advisement, the judge a quo rendered judgment dismissing plaintiff’s demands as in the case of nonsuit, from which judgment plaintiff has appealed. In his written reasons for judgment the trial judge states that there is no factual evidence showing how and in what manner Amos Bordeaux came to his death; therefore, plaintiff has failed to prove her case with a sufficiency of evidence.
Under the well-established jurisprudence of this State, for the plaintiff to recover in the instant case she must prove by a preponderance of the evidence — the burden of proof being on her — that the insured’s death resulted directly and independently of all other causes from accidental bodily injury. Franklin v. Mutual Life Ins. Co. of New York, 216 La. 1062, 45 So.2d 624; Siracusa v. Prudential Ins. Co. of America, 211 La. 1066, 31 So.2d 213; Cutitto v. Metropolitan Life Ins. Co., 185 La. 161, 168 So. 761.
Appellant’s contention is that she has satisfied the requirements of the law as to making proof of her claim and that she has made out her claim with a sufficiency of evidence; that the death certificate, considered in conjunction with the judicial admission of defendant in its answer that Amos Bordeaux had been killed by Maud Matthews, constitutes prima facie proof that the death was accidental and within the insuring clauses of the policy.
Counsel contend that in a suit on a policy of accident insurance when nothing more has been shown than that the insured was killed by another there arises the presumption that the death was accidental thus establishing a prima facie case. Counsel cite as authority: 1 C.J.S., Accidental, p. 451, note 39; Floyd v. Missouri State Life Ins. Co., D.C., 11 F.Supp. 1001; Mutual Life Ins. Co. of New York v. Sargent, 5 Cir., 51 F.2d 4, Hutcheson, Judge, citing: Smith v. New York Life Ins. Co., 5 Cir., 31 F.2d 281; Nerrow v. Pacific Mutual Life Ins. Co., Mo.App., 294 S.W. 97, 99; Withers v. Pacific Mutual Life Ins. Co., 58 Mont. 485, 193 P. 566; Aetna Life Ins. Co. v. Rustin, 151 Ky. 103, 151 S.W. 366; Jones v. United States Mutual Acc. Ass’n, 92 Iowa 652, 61 N.W. 485; Aetna Life Ins. Co. v. Little, 146 Ark. 70, 225 S.W. 298.
Plaintiff then assumes the position that once the beneficiary named in the policy has made out such a prima facie case, the burden of proof then shifts to the insurer and it becomes incumbent upon the insurer, if it would absolve itself from liability, to show that the death resulted from and under the circumstances set forth in the special defenses contained in the answer.
Counsel’s argument overlooks one important thing and that is that plaintiff may not treat the defendant’s averment that Amos Bordeaux had been killed by Maud Matthews as though it were an unqualified admission of the fact of the killing. That averment must be taken in connection with defendant’s denial of the allegations that were made by plaintiff in paragraph 3 of the petition that Bordeaux’ death resulted directly and independently of all other causes from accidental bodily injury. Neither can the averment that Amos Bordeaux was killed by Maud Matthews, which is found in the fifth paragraph of the answer, be extracted from the answer and isolated to suit plaintiff’s purpose from the other *656 averments in that paragraph which set forth that the injuries which, caused the insured’s death were provoked by Bordeaux, that the death resulted from intoxication, and from the insured’s commission of a felony. Nor may the sixth paragraph of the answer be ignored.
Defendant had the right to explain and qualify its answer that Amos Bordeaux had been killed by Maud Matthews and to add thereto such circumstances as might prevent its being held liable on the policy of accident insurance. If any or all of the special defenses are taken as true, as they must be if plaintiff relies on a judicial admission, then the insurer has a perfect.defense to plaintiff’s 'suit.
It must be borne in mind that judicial admissions made in a litigant’s pleadings must not be divided against him; they can be taken only.in connection with all other declarations made in his pleading. The adversary cannot accept only those allegations which are favorable to his cause and then repudiate other allegations which may be unfavorable to him. LSA-C.C. art. 2291; C.P. art. 356; Daspit v. Sinclair Refining Co., 198 La. 9, 3 So.2d 259; Fontenot v. Ludeau, 191 La. 540, 186 So. 21; Scurto v. Le Blanc, 191 La. 136, 184 So. 567; Hough v. Vickers, 6 La.Ann. 724; Pratt v. Flower, 3 Mart.,N.S., 452; Crummen v. Cavenah, 1 Mart.,N.S., 532; Bryans v. Dunseth, 1 Mart.,N.S., 412.
It then becomes necessary to decide whether the certified copy of the death record in the Bureau of Vital Records of the City of New Orleans Health Department, which is all that plaintiff offered in evidence, can be received to rule out the hypotheses that Amos Bordeaux either died from natural causes or by his own hand and to raise’ the presumption that the death occurred as the result of violent means and was accidental. The death certificate in question recites that Amos Bordeaux, age 30, race Negro, died on January 6, 1951, at New Orleans, the cause of death being “Multiple laceration of lip, scalp & axilla from stab wounds. R. E. Gillespie, M. D.”
Our opinion is that the certified copy is inadmissible for, the purpose of showing what caused Amos Bordeaux to die. It is competent to be received in evidence as part of the proof that Bordeaux’ death did occur, but no further.
There is no statute of which we are cognizant providing that a certificate issued by a register of deaths shall be admissible in evidence in the courts of this,State as prima facie proof of the validity of the facts recorded in the official death record.
This court has refused to admit such certificate when it was sought to use it for the purpose'of proving, the cause of the death.
In Clay v. Liberty Industrial Life Ins. Co., La.App., 157 So. 838, 840, we said:
“ * * * In any event the statement in the death certificate as to the cause of death, whatever be its purport, is not admissible to prove the cause of death. * * * ”
The Supreme Court in Succession of Hubee, 20 La.Ann. 97, was called upon to pass on the probative worth of a birth certificate which had been offered as evidence and made this observation:
“The register of births was competent evidence to prove one of the ■elements of legitimacyr — filiation, but not the legitimacy of filiation, even, although the declaration of the legitimacy of the child be made thereon by his father. 1 Green.Ev.Hen.Dig., v. 1. p. 493.”
The rule is to the same effect with reference to a report of a coroner’s jury. In Webster v. New York Life Ins. Co., 160 La. 854, 107 So. 599, 611, the Supreme Court said:
“ * * * for even the formal report of a coroner’s jury is at best but the weakest kind of evidence. Leman v. [Manhattan] Life Ins. Co., 46 La.Ann. 1189, 15 So. 388, 24 L.R.A. 589, 49 Am.St.Rep. 348; and, ‘by the weight of authority, however, while such verdict is competent to be received in evi *657 dence as part of the proof that the death occurred, it is not even prima facie competent as tending to prove the cause of such death; and this is true when it is introduced by either party.’' 13 Corpus Juris, p. 1256; 37 Corpus Juris, p. 633, § 436. See, also, text and note 13, page 634.”
See also 46 C.J.S., Insurance, § 1337, p. 484; Heiman v. Pan American Life Ins. Co., 183 La. 1045, 165 So. 195; Faulk v. Mutual Life Insurance Co., 160 La. 529, 107 So. 395; Pecoraro v. New York Life Ins. Co., La.App., 141 So. 501; Beco v. People’s Industrial Life Ins. Co., 9 La.App. 371, 119 So. 281.
The reason for the rule is well stated in 13 C.J., p. 1256, note 13, thus:
“ * * a property right of one or the other of- the litigants would be determined by a proceeding of which no notice was given to him, upon testimony not preserved, and may be wholly incompetent or insufficient, and without an opportunity to cross examine the witnesses whose oaths establish it. Thus he would be deprived of his property without “a day in court,” * * *.’ ”
We agree that the plaintiff has failed to carry the burden of proof by making out her case with certainty.
Therefore, the judgment appealed from is affirmed.
Affirmed.