PRICE, Judge.
Liddie Ann Bamburg brought this action to recover benefits under a health and accident insurance policy issued by defendant, Reserve Life Insurance Company. The trial court sustained defendant’s contention the policy was voidable because of false statements made by plaintiff in the application for the policy and rejected plaintiff’s demands. We affirm the judgment of the trial court for the reasons hereinafter set forth.
The following sequence of events occurred which gave rise to this litigation: On September 9, 1970, plaintiff made application for the subject policy through defendant’s agent, John Hickman, who filled in the blanks of the application form after reading each question to plaintiff and recording her answer thereon.
In response to question 7 of the application, plaintiff stated she had never applied for or had insurance with defendant or other companies. In reply to question 9 of the form, plaintiff declared she had not received medical or surgical advice or treatment nor had she been hospitalized within five years prior to the date of application.
After receipt of the signed application dated September 9, defendant wrote plaintiff a letter enclosing a photostatic copy of the application signed by her and requested plaintiff to check the application for accuracy and to notify defendant if any errors were contained therein. As of the date of issuance of the policy, September 22, 1970, plaintiff had not responded to this letter.
On October 13, 1970, plaintiff wrote defendant advising the answer to question 9 inquiring as to past medical treatment or hospitalization was in error. She admitted having been hospitalized for minor illnesses such as flu or colds in the past but not within the past two years. Plaintiff also advised she was in good health and was not under a doctor’s care.
On October 28, defendant asked for the name of plaintiff’s doctor so verification could be made of her medical history. On December 1, 1970, after receipt of plaintiff’s medical records from her physician, defendant wrote plaintiff advising her the policy was issued on inaccurate medical information and was therefore invalid. A full refund of all premiums previously paid was tendered to plaintiff along with this notification.
Plaintiff was hospitalized from November IS, 1970, for an accidental injury to her neck and a claim was made on December 4, 1971, for benefits under the policy in the amount of $600.
Upon defendant’s refusal to pay this claim plaintiff filed this suit for the benefits provided by the insurance contract, plus penalties and attorney’s fees.
Defendant answered plaintiff’s petition denying liability on the basis that because of false answers given in plaintiff’s application there was no meeting of the minds, thus no valid contract of insurance and, alternatively, the contract was voidable because the false statements were made with actual intent to deceive or materially affect the risk or hazard assumed by defendant. A third party demand was also filed by defendant against its agent, John Hickman, seeking recovery over and against him in the event of an adverse judgment against defendant, on the basis of his participation in knowingly recording false answers on the application.
After trial on the merits, the judge rejected plaintiff’s argument that defendant was guilty of laches in not immediately suspending the policy upon notification by plaintiff that there was some error in the application, and found plaintiff gave false answers to questions concerning previous medical treatment and hospitalization that were material to the defendant’s issuance *410 of the policy. Relying on the holding in the cases of Radosta v. Prudential Insurance Company of America, 163 So.2d 177 (La.App. 4th Cir. 1964) and Trahan v. Security Life and Trust Company, 199 So.2d 617 (La.App. 3d Cir. 1967) the court rejected plaintiff’s demands. Also the third party demand against Hickman was rejected and no appeal has been taken therefrom. Plaintiff appealed assigning the following errors by the trial court:
(1) In failing to find the actions and delays of the defendant barred it from canceling the policy of insurance;
(2) In failing to hold that defendant was bound by its actual knowledge of prior illness and hospitalization of plaintiff;
(3) In failing to award penalties and attorney’s fees.
The application for insurance was attached to and made a part of the contract of insurance issued by defendant to plaintiff. Therefore, the insurer in defense to the action may plead the invalidity of the contract because of false answers in the application, subject to the presumptions set forth in LSA-R.S. 22:619 which provide:
“A. Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
“B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.
The jurisprudence is conflicting on the degree of proof required by paragraph (B) of the foregoing statute. The weight of authority, following the case of Gay v. United Benefit Life Insurance Company, 233 La. 226, 96 So.2d 497 (1957) holds that to invalidate an insurance policy for false statements in the application, the insurer must prove the insured made the false representations with the intent to deceive and they were material to the risk or hazard assumed by the insurer.
Although the trial judge cites Radosta (in which the statute has seemingly been interpreted contrary to Gay) he also relies on Trahan (a case adhering to Gay) which indicates he found the insurer had established both intent to deceive and materiality in the instant case.
While counsel for plaintiff makes no specific assignment of error on the finding of the trial judge that plaintiff knowingly gave false answers to question 9 of the application, he argues in brief that the trial judge misconstrued the testimony of plaintiff in this regard. Plaintiff testified she misunderstood the meaning of question 9 as asked by the agent and thought he asked “. . . if she was then under the care of a doctor” instead of the true content of the question “. . . whether she had been hospitalized or sought medical advice.”
We find the overall actions of plaintiff to sustain a conclusion she knowingly gave false information and she intended to deceive the insurer. Plaintiff admitted the questions on the application were read verbatim to her by the agent. The evidence indicates she has had extensive-experience in applying for health and accident policies. After receiving the copy *411 of the application with the accompanying letter of the insurer cautioning the applicant that any incorrect information might affect the validity of the policy, she waited approximately one month before advising the insurer some error existed. She then declared she had not been in the hospital for the past two years which was untrue as she had filed suit against two other insurance companies for hospital services rendered her in the year 1969. This can only be construed as a deliberate statement intended to mislead the insurer.
We find no merit to plaintiff’s contention defendant was guilty of laches in its actions surrounding the termination of plaintiff’s policy.
The action taken by defendant to ascertain the full extent of plaintiff’s medical history after notification by her that some error existed in her original application was the only course open to defendant for the information desired. There was no unusual delay in procuring this information nor in informing plaintiff the policy was invalid. The evidence shows defendant had no knowledge of plaintiff’s hospitalization in November when the notice of cancellation was mailed to her on December 1, 1970.
We do not agree that defendant should have immediately canceled or suspended the policy on learning from plaintiff of the error in the application, as the disclosure made by plaintiff represented she had only had minor illnesses with no hospitalization in the past two years and was in good health at that time. On this representation alone defendant had no reason to believe plaintiff was not an insurable risk.
Only after receiving the medical records from plaintiff’s physician could it have been determined that plaintiff had a more extensive medical history of treatment and hospitalization than that declared by her in her letter of October 13, 1970.
Plaintiff urges that defendant, Reserve Life Insurance Company, had information in its own files that would have disclosed plaintiff’s prior illnesses and hospitalizations and that actual knowledge of her medical history is, therefore, imputed to them, which renders any false statements of plaintiff immaterial. This argument is based on evidence showing defendant had taken over the obligations and servicing of the policies of another insurance company that had become dormant, American Security Life Insurance Company, which previously issued a policy to plaintiff. This policy had been surrendered by plaintiff to the attorney for American Security in response to a letter threatening suit against plaintiff for previous benefits paid under the policy which American Security considered invalid for false answers made in the application relative to other insurance in force.
In support of her position plaintiff relies on the case of Clay v. Liberty Industrial Life Insurance Company, 157 So. 838 (La. App.Orl.1934).
This case involved a policy provision voiding the policy should the insured have another policy in effect with the insurer unless approved by endorsement. The appellate court there simply found by collecting premiums on both policies for an extended period of time a waiver of this provision was effected because the insurer is presumed to have knowledge of its own records.
We do not feel that the Clay case should be extended beyond the facts presented therein and that it would be illogical to hold that an insurer should be required to be suspect of each application received and to make an extensive investigation inclusive of its own files without some indication the application is in error.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.