## NEW ENGLAND MUT. LIFE INS. CO. v. FLEMMING.*

### No. 8950.

Circuit Court of Appeals, Ninth Circuit.

March 1, 1939.

HEALY, Circuit Judge, dissenting.

———◆———

*Rehearing denied April 5, 1939.

H. W. O'Melveny, Walter K. Tuller, Louis W. Myers, J. R. Girling, and Lauren M. Wright, all of Los Angeles, Cal., for appellant.

Alvan M. Palmer, of Los Angeles, Cal., for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This action was brought to recover $5,-000 on a life insurance policy providing double liability in the event the insured died in consequence "of bodily injury effected solely through external, violent and accidental means". The policy also expressly provided that it should not cover "death resulting directly or indirectly from bodily infirmity * * * other than that occurring simultaneously with and in consequence of bodily injury".

The plaintiff alleged that on September 8, 1936, the deceased fell and struck his head, causing a physical wound thereon and received injuries from which he died on September 12, 1936. She also alleged that the death of the insured was caused solely through external, violent and accidental means.

The defendant Insurance Company denied that the death of the insured was caused solely through external, violent and accidental means, and alleged that the plaintiff did not comply with the terms of the policy in that the proof of death filed by plaintiff with the defendant showed that the death of the insured was not caused "solely through external, violent and accidental means".

The evidence shows that the insured, while standing in a cafe in Los Angeles, California, uttered a loud cry and fell over backward onto the concrete floor, striking his head with such violence that his skull was fractured. The post mortem showed a scar or organization in the vertex adhering to the dura mater about the size of a quarter of a dollar and 3/16 of an inch in thickness, and about six months old. The insured had suffered a severe head injury in an automobile collision on March 26, 1936. It is the contention of the defendant that the pressure of this scar tissue on the brain caused Jacksonian epilepsy and that the fall and consequent in-

juries were the result of an epileptic seizure. An expert witness so testified, and there was no evidence to the contrary. Moreover, in the absence of a showing of some accidental means causing the fall it cannot be said that the fall alone was proof of accidental means for it is quite as likely to result from some bodily infirmity. The burden of proof was upon the plaintiff. Rock v. Travelers' Ins. Co., 172 Cal. 462, 156 P. 1029, L.R.A.1916E, 1196; Kellner v. Travelers' Ins. Co., 180 Cal. 326, 327, 181 P. 61.

In view of the uncontradicted evidence the finding of the trial court to the effect that the death was caused solely by accidental means is erroneous and the finding to the contrary tendered by the plaintiff should have been adopted by the trial court. In view of our conclusion it is unnecessary to consider the other points advanced by the plaintiff.

Judgment reversed.

HEALY, Circuit Judge, dissents.