MARGARET M. VAHEY vs. JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY.

Suffolk.    January 10, 1969. — March 6, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, &
REARDON, JJ.

*Insurance*, Accident insurance.  *Proximate Cause.*

In an action on an insurance policy providing for payment of certain
benefits upon proof "that . . . death of the insured was caused directly
and independently of all other causes by a bodily injury sustained
solely by external, violent and accidental means," and precluding pay-
ment of the benefits if the death resulted "directly or indirectly . . .
from any bodily . . . disease or infirmity," it was held that the
beneficiary could not recover the benefits where it appeared that the
insured, who was subject to epileptic seizures, while walking on a
street "had a major epileptic seizure, causing him to fall to the pave-
ment, striking his head," and that he died two days later as a result
of a fractured skull and an epidural hemorrhage sustained in the fall.

CONTRACT.   Writ in the Superior Court dated July 27,
1965.

The action was heard by *Sgarzi*, J.

*Daniel J. Johnedis* for the defendant.

*Robert W. Cornell* for the plaintiff.

REARDON, J.   This action on two life insurance policies is
to recover additional benefits provided for in each policy in
the event of accidental death of the insured.   The plaintiff
is the named beneficiary under both policies.   The case comes
to us on appeal by the defendant from an order for judgment
for the plaintiff made by a judge of the Superior Court,
sitting without jury, on a statement of agreed facts.   The
defendant refuses to pay the additional benefits on the
ground that the death was not within the policies' defini-
tions of accidental death.

The insured, John P. Vahey, became subject to epileptic
seizures beginning on December 29, 1962, some years after
the issuance of the policies.   He had a series of seizures
thereafter and was for a time on anticonvulsant drugs pre-
scribed by a doctor.   On September 10, 1964, he was em-

ployed as a truck driver, and at the end of the day, in company with an assistant, left the company garage where he had parked the truck. While walking up the street he "had a major epileptic seizure, causing him to fall to the pavement, striking his head." This seizure was witnessed by his assistant. As a result of his fall he died two days later, the cause of death according to the death certificate being a fractured skull and an epidural hemorrhage sustained in the accident. The provisions of the two policies relative to additional benefits payable on death occurring from an accidental bodily injury are noted in the footnote.[1]

The plaintiff has cited a number of cases including *Bohaker* v. *Travelers Ins. Co.* 215 Mass. 32, to support her contention that "if an accident is the sole cause of death, then the death cannot be said to have been the indirect result of anything else," and that the policies in question "did not excuse payment if the *accident* or *injury* resulted indirectly from a bodily or mental infirmity or disease. The exclusions are if the *death* so resulted." The *Bohaker* case involved an insured with typhoid fever left alone in his room and later discovered on the ground after a fall from a window. There was no witness to testify whether the insured went to the window because of delirium or simply for air, thereafter falling by accident. The holding was that the fact finder was entitled to infer that the death was caused by accident. The

---

[1] "[U]pon receipt at its Home Office of due proof directly and affirmatively showing . . . (ii) that the death of the insured was caused directly and independently of all other causes by a bodily injury sustained solely by external, violent and accidental means . . . The Company shall not be liable for the payment of the Additional Benefit as provided herein . . . (3) if such death results, directly or indirectly, or wholly or partially, (i) from any bodily or mental disease or infirmity . . . ."

"[U]pon receipt at its Home Office of due proof of the accidental death of the Insured which directly shows that (1) Death resulted solely from an accidental bodily injury . . . ."

"The phrase accidental death means death resulting directly and solely from (a) An accidental injury visible on the surface of the body or disclosed by an autopsy, or (b) A disease or infection resulting directly from an accidental injury as described and beginning within 30 days after the date of the injury, or (c) An accidental drowning."

"No benefit will be payable under the 'Accidental Death Benefit' provision if the Insured's death results, directly or indirectly, or wholly or partially, from: (1) any infection or bodily or mental infirmity or disease existing before or commencing after the accidental injury . . . ."

court went on to point out that the policy on which suit was brought did not bar recovery for death indirectly caused by a factor other than accident. That is not the situation in this case. In *Sheehan* v. *Aetna Life Ins. Co.* 296 Mass. 535, which did have an exclusion clause similar to the clauses here, the insured, with a history of heart disease, perished in an automobile accident. There was a finding for the plaintiff which this court sustained on the basis that the evidence justified a conclusion that the deceased's cardiac difficulties were not the cause of his car leaving the road. Similar in nature and result was *Dow* v. *United States Fid. & Guar. Co.* 297 Mass. 34, where the insured died from burns sustained from hot water in a bathtub. The court, in deciding in favor of the plaintiff, held that the evidence did not compel a finding that the insured's inability to extricate himself from the water was due to sickness or disease. There are cases in other jurisdictions where recovery has also been allowed on the ground that the trial court could find the fatal accident was not caused by disease. Such cases, like ours, generally imply that if this were not true recovery would be barred. *Standard Life Ins. Co.* v. *Hughes*, 240 F. 2d 859 (5th Cir. 1957). *Griffin* v. *Prudential Ins. Co.* 102 Utah, 563. Certain other cases make the point more clearly by denying recovery when a finding is not permissible that the accident which resulted in death was not caused by disease. *New England Mut. Life Ins. Co.* v. *Flemming*, 102 F. 2d 143 (9th Cir. 1939). *Knowlton* v. *John Hancock Mut. Life Ins. Co.* 146 Maine, 220. *Puszkarewicz* v. *Prudential Ins. Co.* 161 Pa. Super. 500. *Clark* v. *Employers' Liab. Assur. Co.* 72 Vt. 458. In *Jackson* v. *Southland Life Ins. Co.* 239 Ark. 576, death occurred from an attack of epilepsy which caused the insured to fall into a hole filled with water and drown. Judgment for the insurer was affirmed. Similar in nature was *Mutual Life Ins. Co.* v. *Hassing*, 134 F. 2d 714 (10th Cir. 1943), where the insured fell into the path of a train and was killed following a seizure evidently caused by an attack of vertigo. The court reversed a judgment for the plaintiff, noting that there was no evidence to

indicate that the plaintiff had tripped or had ended up under the train due to any cause other than his affliction. The policy involved had an exclusion clause similar to the clauses in this case.

We hold that where, as here, the insured is afflicted with a disease at the time of the accident which proximately causes or substantially contributes to the death, such a death is not covered by that portion of the policy which insures against death from bodily injury by accident or accidental means independently of all other causes. In this case the death of the insured resulted from a fall caused by his epilepsy and the plaintiff therefore cannot recover.

*Order for judgment reversed.*
*Judgment for defendant.*