STOKER, Judge.
This is an action on a life insurance policy. The plaintiff, on behalf of his minor daughters, filed suit against Trans World Life Insurance Company (Trans World) seeking double indemnity benefits pursuant to a policy of life insurance issued to Sharon Remedies, the decedent. The beneficiaries under the policy are the two minor children of the plaintiff and the decedent. The policy in question has a face value of $5000 with a provision for double indemnity in the case of accidental death.
The decedent, Sharon Remedies, died as a result of multiple traumatic injuries which she sustained in a two-vehicle collision. It was later determined that at the time of the collision the decedent had a blood alcohol content by weight of .14 percent. Based upon this information, Trans World paid the plaintiff the $5000 face value of the policy, but denied the claim for double indemnity. Trans World relied on a provision in the policy which excludes the payment of double indemnity benefits in the case of death which results directly or indirectly from injuries incurred while the insured is intoxicated.
After a trial on the merits, the trial court rendered judgment in favor of the plaintiff and against Trans World. The trial court awarded to plaintiff the sum of $10,000 with 8% interest on that amount as provided by LSA-R.S. 22:656 and legal interest from date of demand until paid. Trans World was taxed with all costs of the proceeding.
Trans World has appealed the judgment of the trial court. The issues presented in this appeal are (1) whether the defendant was relieved of liability for double indemnity benefits under the policy exclusion in this case, and (2) the correctness of the trial court’s judgment awarding an 8% penalty under LSA-R.S. 22:656. We affirm the judgment in part, amend in part and reverse in part.
DOUBLE INDEMNITY BENEFITS
A beneficiary under a life insurance policy which provides double indemnity benefits has the burden of proving that the insured died as a result of bodily injury sustained solely through external, violent and accidental means. Once this is established, the burden shifts to the insurer to show by a preponderance of the evidence that it is not liable by reason of some special defense or an exclusionary clause in the policy. Willis v. Willis, 287 So.2d 642 (La.App. 3d Cir.1973).
Plaintiff established that Sharon Remedies died as a result of multiple traumatic injuries sustained in a vehicular collision. Defendant does not dispute the “accidental” nature of Mrs. Remedies’ death. The burden of proof then shifted to Trans World to show that it was not liable for double indemnity benefits.
Trans World denied liability based upon an exclusion in the policy which reads, in pertinent part, as follows:
“This accidental Death Benefit shall not be payable if the Insured’s death results directly or indirectly ... (4) from injuries incurred while intoxicated....”
There was no dispute that the decedent’s blood alcohol content was .14 percent at the time of her death. Plaintiff argues that the policy exclusion is ambiguous and that defendant must prove a causal connection between decedent’s intoxication and her death pursuant to LSA-R.S. 22:213 B(10).[1] Defendant argues that the applicable law is *1382 LSA-R.S. 22:170 B,[2] not 22:213 B(10), and that payments for additional death benefits under a policy are not subject to standard restrictions regarding life insurance policies. Therefore, defendant argues, an insurer providing double indemnity benefits need not establish a causal connection between the insured’s intoxication and death.
The inquiry before us is twofold. The first question being whether defendant has proved the insured’s intoxication by a preponderance of the evidence and the second being whether the law or public policy requires that there be a causal relationship and, if so, has causation been established? After a careful review of the record, statutory law and jurisprudence, we conclude that it is unnecessary for us to address the second question because defendant failed completely in its proof on the first question.
The only evidence submitted by defendant to prove intoxication was the coroner’s statement that the decedent’s blood alcohol content was .14 percent. This evidence was not interpreted by any expert medical testimony. Defendant introduced no other evidence or testimony concerning decedent’s intoxication. Defendant denied benefits based upon the understanding of its personnel that the level of legal intoxi *1383 cation in the State of Louisiana is .10 percent by weight of alcohol in the blood.
Defendant was not incorrect in its understanding, but this presumption of intoxication is applicable to criminal proceedings only, and has no application to a civil action. LSA-R.S. 32:662; Prestenbach v. Sentry Insurance Co., 340 So.2d 1331 (La. 1976). However, a civil litigant may introduce evidence of a person’s blood alcohol content and have competent expert witnesses interpret whether such would result in intoxication and what effects it would have on the person’s ability to operate a motor vehicle. Clay v. Bituminous Casualty Corp., 401 So.2d 1257 (La.App. 1st Cir.1981), writ denied, 409 So.2d 616 (La. 1981). Defendant introduced neither expert nor lay testimony in support of its contention that Sharon Remedies was intoxicated. Since there is no legal presumption of intoxication in civil cases, defendant has failed to prove decedent’s intoxication by a preponderance of the evidence.
We hold that plaintiff is entitled to recover additional death benefits of $5000 over and above the policy face value amount of $5000 previously paid by Trans World.
STATUTORY PENALTIES
The law applicable to penalties due for nonpayment, without just cause, under life insurance policies is LSA-R.S. 22:656. That statute reads as follows:
“§ 656. Payment of claims; life policies; penalty
“All death claims arising under policies of insurance issued or delivered within this state shall be settled by the insurer within sixty days after the date of receipt of due proof of death, and if the insurer fails to do so without just cause, the amount due shall bear interest at the rate of eight percent per annum from date of receipt of due proof of death by the insurer until paid.”
Defendant argues that it should not be cast in judgment for an 8% penalty under LSA-R.S. 22:656 because it paid the “undisputed” face value of the policy and had a reasonable defense to liability for the additional death benefits.
A check for $5000 was transmitted by defendant on July 8,1987 and was received by plaintiff’s attorney on or before July 13, 1987. Plaintiff admitted at trial that the draft had been received and that the action on the policy was for the double indemnity portion of the policy.
We do not find that defendant was in bad faith or without just cause in failing to pay the double indemnity portion of the policy. Defendant arguably could have proven intoxication, assuming no causal relationship was required, and would have been relieved of liability under the policy exclusion. Plaintiff has not asserted that the face value of the policy, the amount to which plaintiff was undisputedly entitled, was not timely paid. Therefore, if a penalty was to be assessed it would only be upon the $5000 additional death benefit. However, we conclude that the trial court was clearly wrong in awarding plaintiff a penalty under LSA-R.S. 22:656. See Lafield v. New York Life Insurance Co., 9 So.2d 248 (La. App. 2d Cir.1942); But cf.: Boudreaux v. First National Life Insurance Co., 225 So.2d 687 (La.App. 3d Cir.1969).
DECREE
For the reasons stated herein, the judgment of the trial court is affirmed insofar as it awards to plaintiff the double indemnity benefits under Trans World’s policy of life insurance issued to Sharon Remedies; the judgment is amended to allow Trans World a credit for the sum of $5000 previously paid to plaintiff; and it is reversed insofar as it awards penalties of 8% under LSA-R.S. 22:656. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED IN PART; AMENDED IN PART; REVERSED IN PART.

. LSA-R.S. 22:213 B(10), which comes under Part VI. Health and Accident Insurance, provides as follows:
*1382 B. Other provisions (optional). No such policy shall be delivered or issued for delivery containing provisions respecting the matters set forth below unless such provisions are, in substance, in the following forms, or, at the option of the insurer, in forms which in the written opinion of the commissioner of insurance are not less favorable to the policyholder:
******
(10) Intoxicants and narcotics: The insurer shall not be liable for any loss sustained or contracted in consequence of the insured’s being intoxicated or under the influence of narcotics unless administered on the advice of a physician.

. LSA-R.S. 22:170 B, which comes under Part V. Life Insurers, provides as follows:
B. No policy of life insurance delivered or issued for delivery in this state shall contain any provision which excludes or restricts liability for death caused in a certain specified manner or occurring while the insured has a specified status, except the following provisions, or provisions which in the opinion of the commissioner of insurance are substantially the same or more favorable to policyholders:
Provisions excluding or restricting coverage in the event of death occurring:
(1) As a result of war declared or undeclared under conditions specified in the policy.
(2) While in (a) the military, naval or air forces of any country at war, declared or undeclared, or (b) any ambulance, medical, hospital or civilian noncombatant unit serving with such forces, either while serving with or within six months after termination of service in such forces or units.
(3) As a result of self-destruction while sane or insane within two years from the date of issue of the policy.
(4) As a result of aviation under conditions specified in the policy.
(5)Within two years from date of issue of the policy as a result of a specified hazardous occupation or occupations, or while the insured is residing in a specified foreign country or countries.
In the event of death as to which there is an exclusion or restriction pursuant to paragraphs (1), (2), (3), (4), or (5) of this Sub-section, the insurer shall pay an amount not less than the reserve on the face amount of the policy, computed on the basis specified in the policy, together with the reserve for any paid-up additions thereto, and any dividends standing to the credit of the policy, less any indebtedness to the insurer on the policy, including interest due or accrued.
In the event of death as to which there is an exclusion or restriction pursuant to paragraph (2) of this Sub-section, the insurer shall pay the greater of (a) the amount specified in the preceding paragraph or (b) the amount of the gross premiums charged on the policy less dividends paid in cash or used in the payment of premiums thereon and less any indebtedness to the insurer on the policy, including interest due or accrued.
A clause in any policy of life insurance, issued under this Code, providing that such policy shall be incontestable after a specified period shall preclude only a contest of the validity of the policy, and shall not preclude the assertion at any time of defenses based upon provisions which exclude or restrict coverage as provided in this Sub-section, whether or not such restrictions or exclusions are excepted in such clause; nor upon a provision regarding misstatement of age as provided in paragraph (4) of Sub-section A of this Section, whether or not such provision is excepted in such clause.
Nothing contained herein shall apply to any provision in a life insurance policy for additional benefits in the event of death by accident or accidental means. (Emphasis added.)