623 So.2d 704 (1993)
Delores BAILEY, et al.
v.
STATE of Louisiana, et al.
No. 93-CA-0455.
Court of Appeal of Louisiana, Fourth Circuit.
August 19, 1993.
*705 Joseph B. Landry, Guste, Barnett & Shushan, New Orleans, for appellants.
Ivor A. Trapolin, Miles G. Trapolin, Trapolin Law Firm, New Orleans, for appellees.
Before PLOTKIN, JONES and LANDRIEU, JJ.
LANDRIEU, Judge.
Plaintiff/appellant, Delores Bailey, appeals the dismissal of her suit against the State of Louisiana, the Louisiana Department of Health and Human Resources, and Charity Hospital of Louisiana at New Orleans upon the trial court's granting of their Plea of Laches. Since we conclude that the trial court erred in this ruling, we reverse that judgment and remand the case for further proceedings.

FACTS:
On the afternoon of January 26, 1982, John Warren Bailey purchased fifty cents worth of gasoline from the Billups Service Station, located at 2802 St. Bernard Highway, Chalmette, Louisiana. The gasoline was pumped into a plastic container. Subsequently, Mr. Bailey became engulfed in flames on the levee behind the station. Having sustained burns over ninety percent of his body, he died shortly thereafter. It has been suggested alternatively that the fire resulted from either negligence, suicide, or a defective container. The Orleans Parish Coroner listed the cause of death as "accidental."
For several years prior to the date of Mr. Bailey's fatal injury, he received continuing psychiatric treatment, which included monitoring, group therapy, medication, and several hospitalizations. According to pleadings in this case, the decedent received blood tests at Charity Hospital on or about January 19, 1982, which revealed a low level of lithium. Allegedly, Mrs. Bailey was informed of the test results on January 25, 1982, the day before his injury, and instructed to bring him to the St. Bernard Mental Health Clinic on January 27.
Alleging that appellees committed medical malpractice in their treatment of the decedent, the appellants filed suit on April 30, 1982. In essence, the appellants allege that the decedent committed suicide due to the failure of the state agencies to maintain his medication at therapeutic levels. The state argued that there was no genuine issue of material fact because Bailey's death in 1982 was classified by the coroner as an accident rather than a suicide and filed a motion for summary judgment on October 12, 1992. They also filed a Plea of Laches on the basis that the appellants failed to challenge the coroner's finding of accidental death, and are now precluded by laches from seeking a hearing to change the legal cause of death over ten years later.
After a hearing, the trial court found that there had been a prejudicial change of evidentiary conditions. Since the plaintiffs had not challenged the cause of death as found by the Orleans Parish Coroner in over ten years, the trial judge granted the Plea of Laches. Accordingly, he found the motion for summary judgment to be moot.

*706 DISCUSSION:
We are asked to decide whether the finding of "accidental death" on the death certificate will bar the appellants from presenting evidence that the cause of death was suicide. La.Rev.Stat.Ann. § 33:1563(E)(3) (West 1988) provides:
(3) The cause of death, the manner or mode in which the death occurred, as rendered by the coroner and incorporated in the death certificate filed with the division of vital records of the Department of Health and Human Resources, shall be the legally accepted cause of death, unless the court of the parish in which the death occurred, after a hearing directs the coroner to change his decision as to the cause, manner, or mode of death.
As provided in La.Civ.Code Ann. art. 3499 (West Supp.1993), a personal action is subject to a liberative prescription of ten years. Appellees contend that appellants should have brought a mandamus action within ten years in Orleans Parish directing the coroner to change Bailey's cause of death on the certificate from accidental to suicide.
However, according to the jurisprudence, the death certificate, including a certificate from a coroner's office or the report of a coroner's jury, is competent proof only of the death itself. It is "not proof of the cause of death and is inadmissible for the purpose of showing cause." Franklin v. Old Colony Insurance Company, 150 So.2d 892, 895 (La. App. 4th Cir.1963).
The coroner is only required to record his opinion, based on his examination and investigation, regarding the cause of death. Brooks v. Foret, 314 So.2d 542 (La.App. 1st Cir.1975). Once the coroner has recorded his opinion, the burden then shifts to a party challenging his findings to produce evidence that the coroner erred. Id. at 545.
Since the coroner's findings are only competent proof of the death itself, however, the fact that appellants failed to comply with the statutorily prescribed procedure in § 33:1563 does not prevent the appellants from attacking the findings in other legal proceedings.
Appellants further contend that the trial court erred in granting the Plea of Laches because appellees did not prove that the appellants: (1) delayed the prosecution of their lawsuit; (2) that such delay was inexcusable; and (3) that the appellees were unduly prejudiced by such delay. Confederate Welding and Safety Supply, Inc. v. Bank of the Mid-South, 458 So.2d 1370 (La.App. 2nd Cir.1984), writ denied, 462 So.2d 1264 (1985). The doctrine of laches is used to "bar prosecution of stale and antiquated demands which would cause injustice if pursued." Molero v. Bass, 322 So.2d 452, 454 (La.App. 4th Cir. 1975). Laches addresses itself exclusively to the evidentiary effects of delay such as a prejudicial change of condition.
In our opinion, appellees have failed to demonstrate how they have sustained any prejudice from appellants' actions. The coroner altered the death certificate on April 4, 1982 to list the cause of death as accidental; appellants first filed their suit for damages on April 30, 1982. The petition was filed in Orleans Parish, which was the place of death, and the allegations of the petition clearly challenge the cause of death. These actions constituted sufficient notice to the appellees that appellants were not relying on the coroner's findings as to the cause of death.
Furthermore, under the facts in evidence, we can find no inexcusable delay by the appellants in prosecuting their lawsuit, which was timely filed. Rather, the record reflects considerable activity over its eleven year course. The state was put on notice at the time of filing that it should preserve any evidence, and particularly favorable evidence, for its defense. In our opinion, the lack of independent recollection by the coroner and pathologist is not fatal. Autopsy procedures, investigative findings, photographs, slides, notes, and other records needed to defend this suit should have been sequestered and preserved by the defense long ago.
We hold, therefore, that the judgment of the trial court should be reversed and the case remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.