I2PARRO, Judge.
After receiving the face amount of a policy of insurance issued by Security Industrial Insurance Company (“Security”) on the life of her husband, Valhere Odom (“Valliere”) brought this suit to recover additional benefits under the accidental death provision of the policy. The trial court ruled in favor of Valliere and awarded accidental death benefits. Security appeals. We reverse the judgment of the trial court.

Facts and Procedural History

Security issued a policy of life insurance to Thomas L. Odom (“Thomas”), Valliere’s husband. Thomas named Valliere as the sole beneficiary under the policy, which had a face value of $5,000 with a provision for additional benefits in the event of death from accidental bodily injury. Upon receipt of notice of Thomas’ death, Security paid the $5,000 face value of the policy, but denied Valliere’s claim for accidental death benefits. Security relied on a provision in the policy which excluded the payment of such benefits in the event of death “resulting directly or indirectly, wholly or partly, from ... homicide or the intentional killing of the Insured by another person[.]”
After a trial on the merits, the trial court rendered judgment in favor of Valliere and against Security. The trial court awarded additional benefits to Valliere in the sum of $5,000 with legal interest from date of judicial demand until paid, and Security was taxed with all costs of the proceedings.
Security appeals and contends that the trial court erred in finding that Valliere proved that she was entitled to accidental death benefits, in finding that Security had not proved by a preponderance of the evidence the applicability of the “homicide” exclusion in the policy, and in ruling on the inadmissibility of court records from criminal proceedings.

Standard of Review

A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La. 1993). Before an appellate court may reverse a factfinder’s determinations, it must find from the record that a reasonable factual basis does not exist for the findings and that thejjrecord establishes that the findings are clearly wrong (manifestly erroneous). Id. at 882; see Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).

Discussion

Valliere’s entitlement to accidental death benefits is governed by the following policy provision:
The Company will pay the beneficiary an additional amount equal to the Amount of the Insurance if the Insured’s death occurs after his first birthday and before his seventieth birthday, and results, directly and independently of all other causes, from, and within 90 days following, accidental bodily injury.
Accidental bodily injury is defined in the policy as “bodily injury effected directly and independently of all other causes through external, violent, and accidental means, where, except in the case of drowning or of internal injuries revealed by an autopsy, *39 there is a visible contusion or wound on the exterior of the body.”
A person suing on a contract must allege and prove every fact necessary to show that she falls within the terms of the contract. Franklin v. Mutual Life Ins. Co. of New York, 216 La. 1062, 45 So.2d 624, 626 (1950). Based on the language of the policy, Valliere had to prove that (1) she was a beneficiary, (2) the fact of the insured’s death, (3) such death occurred between the insured’s first and seventieth birthday, (4) the insured’s death resulted from accidental bodily injury, and (5) such death occurred within ninety days of said injury. Without such proof, Valhere cannot recover because she would not have brought herself within the terms of the contract. Id. It is not until the beneficiary has met this burden that the burden of proof shifts to the insurer, at which time the insurer must show by a preponderance of the evidence that it is not liable by reason of some special defense or an exclusionary clause in the policy. Remedies v. Trans World Life Insurance Company, 546 So.2d 1380, 1381 (La.App. 3rd Cir.1989); Willis v. Willis, 287 So.2d 642, 645 (La.App. 3rd Cir.1973).
The only evidence introduced by Valliere was a copy of the insurance policy and Thomas’ death certificate. She did not offer the testimony of any lay or medical witnesses, nor did she introduce any medical records or other evidence to support her claim. No stipulation was entered by the parties as to the cause of Thomas’ death. Therefore, we must determine if the introduction of the death certificate and the insurance Upolicy alone was sufficient to prove by a preponderance of the evidence that Valfi-ere’s claim fell within the terms of the policy issued by Security.
Neither party seemed to dispute the status of Valhere as beneficiary or that the policy was in effect at the time of Thomas’ death at age 27. Thus, the salient and threshold element of proof to be satisfied by Valliere was the cause of Thomas’ death. In this regard, the only evidence introduced on this point was the death certificate, which listed the immediate cause of death as “multiple stab and slash wounds with perforating wound to the aorta.” Obviously such a description would satisfy the requirement of “a visible contusion or wound on the exterior of the body” which produced bodily injury “effected directly and independently of all other causes through external, violent ... means.” However, whether or not this constituted “accidental means” is not answered by the above description, especially in view of the fact that the death certificate indicated the manner of death to be a “homicide.”
In any event, it is settled in the jurisprudence of this circuit that the coroner’s certificate of death is competent proof only of death itself and is not admissible for the purpose of proving the cause of death. Ray v. Federated Guaranty Life Insurance Co., 381 So.2d 847, 848 (La.App. 1st Cir. 1980). See Franklin (Young) v. Old Colony Insurance Company, 150 So.2d 892, 895 (La.App. 4th Cir.), writ denied, 244 La. 472, 152 So.2d 564 (1963); Bailey v. State, 623 So.2d 704, 706 (La.App. 4th Cir.1993). Therefore, we give no weight to the death certificate on the issue of causation.[1]
In fight of Valfiere’s failure to produce any admissible evidence regarding the cause of Thomas’ death, this court concludes that the record does not provide a reasonable factual basis to support the trial court’s finding that Valliere met her burden of proving that Thomas’ death was caused “directly and independently of all other causes through external, violent, and accidental means” in accordance with the terms of the policy. Furthermore, we find that the trial court finding in this regard was manifestly erroneous.
Since Valliere did not meet her burden of proof, the burden never shifted to ^Security to show that the homicide exclusion to the *40 accidental death benefit applied in this case. Therefore, it is unnecessary for this court to determine whether Security proved facts sufficient to bring this case within the exclusionary language.

Decree

For the foregoing reasons, the judgment of the trial court is reversed and Valliere’s claim against Security is dismissed at Valli-ere’s costs.
REVERSED.

. We acknowledge the existence of LSA-R.S. 33:1563(E)(3) which provides that the cause of death as rendered by the coroner and incorporated in the death certificate shall be the legally accepted cause of death, unless changed by direction of a court in the parish in which the death occurred. We find that this statutory provision does not alter the burden of proof required of parties in civil litigation concerning life insurance coverage. See Bailey v. State, 623 So.2d at 706.