LEROY ELLIS, LEROY ELLIS JR., AND BEAU MICHAEL ELLIS, INDIVIDIUALLY AND ON BEHALF OF DECEDENT BRANDON ELLIS
v.
THIBODAUX'S VENTURES, LLC D/B/A MAGNOLIA BEACH TRUCK PLAZA AND BRANDON MATHERNE
No. 2006 CA 2398.
Court of Appeals of Louisiana, First Circuit.
September 14, 2007.
J. LOUIS GIBBENS, III, Lafayette, LA, Counsel for Plaintiffs/Appellants Leroy Ellis and Beau Michael Ellis.
STEVEN C. JUDICE, Baton Rouge, LA, Counsel for Defendant/Appellee, Thibodaux's Ventures, LLC d/b/a Magnolia Beach Truck Plaza.
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
This is an appeal of a judgment granting appellee's motion for summary judgment and dismissing the appellants' claim against appellee with prejudice.

FACTS AND PROCEDURAL HISTORY
On April 20, 2003 Brandon Ellis died of a fatal gunshot wound to the head. Appellants Leroy Ellis, Leroy Ellis, Jr., and Beau Michael Ellis (hereinafter referred to as "the Ellises") alleged that at the time of his death Brandon was on premises owned by appellee, Thibodaux's Ventures, L.L.C., d/b/a Magnolia Beach (Thibodaux's). The Ellises also alleged that Brandon was murdered by one Brandon Matherne. On April 19, 2004, the Ellises filed suit against both Brandon Matherne and Thibodaux's. Specifically, the Ellises alleged that Thibodaux's had a history of criminal activity on its premises, knew of such activity, and yet failed to provide adequate security. The Ellises further alleged that Thibodaux's negligence caused and/or contributed to the death of Brandon Ellis.
On January 10, 2005, Thibodaux's filed a Motion for Summary Judgment. In its motion, Thibodaux's urged that the Ellises could not produce any evidence in support of the claim that Brandon was murdered. Rather, Thibodaux's produced evidence that Brandon committed suicide. Thibodaux's presented the death certificate, coroner's report, and the deposition testimony of the Coroner. A hearing was held on April 24, 2006 and a judgment was rendered granting Thibodaux's motion for summary judgment and dismissing the Ellises' claims against Thibodaux's with prejudice.

LAW AND ANALYSIS
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Allen v. State ex rel. Ernest N. MorialNew Orleans Exhibition Hall Authority, XXXX-XXXX, p. 5 (La. 4/9/03), 842 So.2d 373, 377; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La. 1991). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. Hines v. Garrett, XXXX-XXXX, p. 1 (La. 6/25/04), 876 So.2d 764, 765.
A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id. at 765-66.
Pursuant to LSA-C.C.P. art. 966(C)(2), the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. Moreover, as consistently noted in LSA-C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence that will establish that material facts are still at issue. Cressionnie v. Intrepid, Inc., XXXX-XXXX, p. 3 (La. App. 1 Cir. 5/14/04), 879 So.2d 736, 738.
Section 4 of Acts 1997, No. 483 declares that "all cases inconsistent with" Hayes v. Autin, 96-287 (La. App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, (La. 3/14/97), 690 So.2d 41, are legislatively overruled. The Hayes court held that Celotex Corporation v. Caltrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), correctly stated the law for our summary judgment procedure. Hayes, 685 So.2d at 694-695. Under Celotex, provided that sufficient time for discovery has been allowed, an entry of summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. The Court reasoned that "there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 106 S.Ct. at 2552. In such an instance, there is no requirement that the mover produce any evidence to "trigger" the non-mover's duty. There is no express or implied requirement that the moving party support its motion with affidavits or other similar materials to negate the opponent's claim; rather, the clear language of the statute suggests the absence of such a requirement since parties may move for summary judgment "with or without supporting affidavits." Id. at 2553. Celotex clearly holds that "the burden on the moving party may be discharged by "showing"-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Id. at 2554.
The Ellises allege that the trial court erred in granting summary judgment considering the failure of the defendant to produce any competent evidence in support of its motion. Although we agree with the Ellises that in this case the death certificate cannot be used to establish the manner of death, only the fact of death,[1] it does not appear that the trial court relied upon the death certificate in ruling on the motion. We also agree that the deposition of the coroner, insofar as it was not made on personal knowledge, cannot be considered when determining whether to grant a motion for summary judgment.[2] However, even absent the deposition testimony of the coroner, after de novo review, we find that the Ellises have not met the burden imposed upon them by law. Specifically, they have produced no evidence in support of their claim that Brandon was the victim of a murder rather than a suicide.
As noted above, the burden of proof lies with Thibodaux's as the mover. Because Thibodaux's has specifically alleged an absence of factual support for the Ellises' claim of murder, and Brandon's murder is essential to the claim of negligence on the part of Thibodaux's, LSA-C.C.P. art. 966(C)(2) requires the Ellises to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial. If the Ellises fail to do so, there is no genuine issue of material fact and summary judgment will be granted. Moreover, the Ellises cannot rest on the mere allegations or denials of their pleadings, but must present evidence that will establish that material facts are still at issue. Cressionnie, 879 So.2d at 738.
A thorough review of the record reveals that the Ellises have offered no evidence to meet this burden. There is no evidence in the record that suggests Brandon Ellis was murdered. The Ellises rely solely on their pleadings and nothing more.[3] Based on the absence of any factual support which tends to establish the claim that Brandon was murdered, we find that the motion for summary judgment filed by Thibodaux's must be granted.

CONCLUSION
The decision of the trial court is affirmed. The costs of this appeal are to be borne by appellants.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
Relying on pronouncements by the Livingston Parish Coroner, as presented in evidence offered by the moving party, Thibodaux's Ventures, L.L.C., the trial court granted summary judgment in its favor. While recognizing that the evidence relied on by the trial court to grant the motion for summary judgment was insufficient to show that the allegations of the plaintiffs' petition could not be proven, the majority nevertheless affirms the judgment of the trial court. The majority holds that La. C.C.P. arts. 966(C)(2) and 967 mandate such a result in light of the fact that Thibodaux's would not bear the burden of proof at trial, and thus was not required to support, in any way, its mere assertion in the motion for summary judgment that the plaintiffs would be unable to prove that Brandon Ellis was murdered. Further, the plaintiffs offered no evidence in opposition to the motion to otherwise establish the allegation in their petition that Brandon Ellis was murdered. The majority contends that its determination is proper based on the holdings of Hayes v. Autin, 96-287 (La. App. 3d Cir. 12/26/96), 685 So. 2d 691, writ denied, 97-0281 (La. 3/14/97), 690 So. 2d 41 Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). I disagree with the majority's interpretation of La. C.C.P. arts. 966(C)(2) and 967 and the Celotex Corporation decision.
The pertinent portions of La. C.C.P. arts. 966 and 967 (emphasis added) provide:

Art. 966. Motion for summary judgment; procedure
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
* * *
B. ...The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
* * *
2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Art. 967. Same; affidavits
A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
B. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
As noted by the Hayes court, the language of La. C.C.P. art. 966(C)(2) brought "Louisiana's standard for summary judgment closely in line with the federal standard under [Federal Rule of Civil Procedure] 56(c)." Hayes, 96-287 at ___, 685 So. 2d at 694.
In interpreting the standard for summary judgment under Rule 56(c), the U.S. Supreme Court, in Celotex Corporation, explained:
Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

* * *
[A]s we have already explained, a motion for summary judgment may be made pursuant to Rule 56 "with or without supporting affidavits." In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."
Celotex Corporation, 477 U.S. at 323-324, 106 S.Ct. at 2553 (emphasis added). Hence, a close reading of La. C.C.P. arts. 966(C) and 967 and the Celotex Corporation opinion contradict the majority's holding that Thibodaux's did not have to support the allegations of its motion for summary judgment, but could merely assert that the plaintiffs could not prove an element of their claim and the burden shifted to the plaintiffs to come forward with evidence to prove the disputed element. Rather, Celotex Corporation and Articles 966 and 967 declare that the moving party does not have to submit affidavit evidence in support of its motion, nor does the non-moving party have to present such evidence to oppose the motion. But the moving party does have to support the motion with "pleadings, depositions, answers to interrogatories, and admissions on file," and the nonmoving party must then oppose the motion with depositions or answers to interrogatories in the absence of affidavit evidence. See Celotex Corporation, 477 U.S. at 324, 106 S.Ct. at 2553.
In this matter, although Thibodaux's offered some evidence in conjunction with its motion for summary judgment, the evidence offered was insufficient by law and the codal requirements of Articles 966 and 967 to properly support the motion. As observed by the court in Coates v. Anco Insulations, Inc., 00-1331, p. 8 (La. App. 4th Cir. 3/21/01), 786 So. 2d 749, 754:
[T]he moving party continues to have the initial burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. In the absence of any authenticated evidence in support of the motion for summary judgment, we must conclude that the mover did not carry this burden below. Simply stated, mover did not submit a supported motion for summary judgment. Having made no prima facie case, mover did not cause the burden of proof to shift to the plaintiffs.
See O'Neal v. Blackwell, 00-2014, p. 3 (La. App. 1st Cir. 11/14/01), 818 So. 2d 118, 120. Thus, I believe summary judgment was improperly granted and that the majority errs in affirming the judgment for the reasons so expressed. I therefore respectfully dissent.
NOTES
[1] Odom v. Security Industrial Insurance Company, 94-0433 (La. App. 1 Cir. 12/22/94), 649 So.2d 37, 39.
[2] LSA-C.C.P. art. 967(A).
[3] During argument at the hearing on the motion for summary judgment, counsel for the Ellises argued for the first time that since the gun found at the scene was not registered to Brandon Ellis, there is a genuine issue of material fact that must be determined at trial. We do not agree. Even if taken as true, the fact that the gun was not registered to Brandon Ellis does not tend to prove he was murdered rather than having committed suicide. No evidence was offered by the Ellises to support this claim.